## STATE ex rel MERRITT v MINSHALL, et (Board of Education)

Ohio Appeals, 2nd Dist, Fayette Co
No. 197. Decided Jan 2, 1931

T. T. Junk, Washington C. H., for State ex rel Merritt.

W. S. Paxson, Washington C. H., for Board of Education.

HORNBECK, J.

Coming now to the merits of the case: There is no substantial dispute on any material fact. It appears that there are 30 children eligible to high school within Union Township Rural School District. That the plaintiff is among this number. That after much preliminary consideration the Fayette County Board of Educaiton, pursuant to the provisions of §7749-1 GC, on the 30th day of August, 1930, adopted a resolution providing that transportation of children residing in Union Township more than four miles from a high school is deemed and declared by the County Board of Education to be advisable and practicable, and ordered said Board to furnish transportation to children residing in said district more than four miles from high school to a high school for the school year 1930-31. A certified copy of this resolution was duly transmitted to the Union Township Board.

As we view this case the requirements of §7749-1 GC are mandatory upon the defendant members of the board when and if the requisite steps therein provided are taken by the County Board. The obligation to provide transportation to pupils to a high school is on a parity with the requirement of educational facilities, such as teaching and housing. The law provides a maximum which may be levied without vote to produce income to meet the necessary expenditures incident to operating the schools, and if this appears to be insufficient, there is further provision for assistance under §7595-1 and §7595-2 GC. There is likewise further statutory authority for relief in emergencies and provision for additional levy under §7596-1 GC. The law also makes provision for the protection of school funds by proper bonds by the terms of which the

money so secured should be available at all reasonable times.

Upon the facts pleaded in the defense and upon the evidence which comes to our attention, we do not find anything which would justify us in refusing to the relator that service which the law clearly and specifically accords to him as a high school pupil resident in the district of the board of which defendants are members. See **State ex rel v Beamer, 109 Oh St 148.**

The constitutionality of the sections challenged by the second defense of the answer has been passed upon in **Lichty v Board of Education, 35 Oh Ap 81,** wherein it is approved. With the conclusion of the court in this case we are in accord.

The prayer of the petition will therefore be granted.

KUNKLE, PJ, concurs.

ALLREAD, J, dissenting.

The loss of the funds of the Board of Education by the failure of the Ohio State Bank and the uncertainty of the securities therefor would be a good defense in this case. It is unlike that of the ordinary expenses of the Board of Education which the board is required to take notice of at the beginning of the school year. The failure of the bank is an unexpected loss and in this situation the Board of Education would have a right to determine as to which of the imperative duties of the board should be preferred in the management of the schools.